KLENKE, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 6—June 2, 1936.*

For the plaintiff in error there was a brief by *Rubin & Zabel* and *Nathan Ruppa,* all of Milwaukee, and oral argument by *Mr. Ruppa.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *William A. Zabel,* district attorney of Milwaukee county, and *William J. McCauley,* assistant district attorney, and oral argument by *Mr. McCauley.*

The following opinion was filed March 31, 1936:

FRITZ, J. The only errors assigned are that the court erred in denying defendant's motion to discharge the defendant for lack of evidence; and in finding him guilty of the crime charged, although the evidence is inconclusive of his guilt beyond a reasonable doubt.

Those assignments seem to be made on the theory that the defendant could not be found guilty of the offense charged because of his positive denials that his automobile struck Miss Kuenzie and that he saw her and knew that he had injured her. However, a review of the record discloses ample credible evidence warranting the court in finding every fact essential to sustain a conviction beyond a reasonable doubt. Thus the following facts are clearly established: On November 3, 1934, at about 8:30 p. m., Klenke, in driving north on Twenty-Seventh street and turning east into Melvina street at the intersection of those streets, operated his automobile in such manner that the right front wheel and bumper thereof struck the left leg and ankle of Miss Kuenzie and threw her to the pavement, as she was walking north on the east crosswalk of Melvina street and had crossed to within three feet of the north curb thereof. Klenke's automobile continued several feet further to the northeast, until it ran into a water hydrant, and the front bumper and license plate were torn off. Miss Kuenzie felt dizzy and weak, but arose and walked in front

of the stalled automobile to a tree, which was a little to the north of the curb, and to the east of the hydrant. While she was leaning against that tree, Klenke backed the automobile away from the hydrant, and then drove half a block east on Melvina street, and turned north into an alley to his garage which was one hundred eighty feet north of that street. While Miss Kuenzie was standing at the tree, she noticed the automobile bumper and license plate at the hydrant, and, after Klenke drove away, she picked up the plate, and then walked along Melvina street and the alley to her home, which was on a lot east of the alley and south of Klenke's garage. She did not then see his automobile in the alley. An hour later her sister telephoned to the police, who by means of the license plate ascertained that Klenke was the licensee of the automobile. A Mrs. Michaud, residing on the southeast corner of Twenty-Seventh and Melvina streets, was in a room fronting on Melvina street when she heard the automobile strike the hydrant. She looked out immediately, and saw Miss Kuenzie limp from the right side of the automobile to the tree, and also saw the driver in the automobile, as he backed away from the hydrant and drove east to the alley. She read the number on his rear license plate; but she testified that she could not identify the driver because the automobile windows were "all steamed up." However, Miss Kuenzie testified that as she stood at the tree she could see that there was a man in the car, but could not tell who he was; and that she thought he would get out and say something.

Two policemen called at Klenke's home at 11 p. m. and questioned him about the accident. He denied, at first, that he had an accident and that he had driven his car that night. Upon accompanying the officers to his garage, he saw that the front license plate and front bumper were missing from his automobile; but, upon being taken by the officers to the police station, he still denied that he had had an accident or

had injured anybody. On the complaint of one of the officers, he was then arrested for driving while intoxicated, but that prosecution resulted in an acquittal.

Subsequently, Klenke was charged with violating sec. 343.181, Stats. 1933; and on the trial on that charge, he testified that he misjudged the street corner and struck the hydrant with the left corner of the automobile bumper because it was raining and foggy and his automobile windows were so "fogged up;" that although street lights were on, they seemed to be "extremely dark" and did not help his vision any because of the fog; that he did not see or strike anybody to his knowledge; that he told the officers at the station that he did not hit anybody, and did not remember seeing anybody, and did not know anything about the accident. He admitted, however, on cross-examination that he was in condition to see, and that if Miss Kuenzie was ahead of him, he would have seen her. He denied that he was intoxicated.

Notwithstanding Klenke's testimony and denials, there was otherwise sufficient credible evidence to establish that, although it was rainy and foggy, the conditions as to visibility at the time and place of the accident were such that Miss Kuenzie could see through the automobile windows that the driver of the car was a man; and that, consequently, the driver could, and probably did, see Miss Kuenzie, as she was struck by the automobile and limped to lean against the tree ahead of his stalled automobile. Under all the facts and circumstances established on the trial, including the fact that Klenke had at first falsely denied that he had driven his automobile at all that night, but ultimately admitted on the trial that he had backed away from the hydrant and departed without even ascertaining whether his car or the hydrant had been damaged, the court, instead of being obliged to believe his testimony that he did not see, and did not know that he had injured anybody, was fully warranted in concluding that he did see and know that he had injured somebody; and that he

violated sec. 343.181, Stats. 1933, by failing to stop and give assistance, and his name and address to the injured person, or one of the officers specified in that statute.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 2, 1936.